IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD J. WIDOK, JR., | ) | CASE NO. 1:13-cv-00667 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

This matter is before this Court on Plaintiff Edward J. Widok, Jr.'s Motion for Allowance of Attorney Fees under Social Security Act, wherein Plaintiff's counsel requests an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $11,904.50.  Doc. 27 (Plaintiff's Motion).  Plaintiff's counsel agrees that, if payment in the amount of $11,904.50 is authorized under 42 U.S.C. § 406(b), Plaintiff's counsel will remit to Plaintiff the fees previously awarded and paid under the Equal Access to Justice Act (EAJA) in the amount of $5,825.00.  Doc. 27.

Defendant filed a Response indicating agreement with Plaintiff's request for payment of attorney fees to Plaintiff's counsel, Kirk B. Roose, in the amount of $11,904.50, with an order requiring Plaintiff's counsel to remit to Plaintiff the fees previously awarded and paid to Plaintiff under the EAJA.  Doc. 28.

### I.   Law & Analysis

**A. Attorney fee awards in social security disability cases**

There are two statutes under which a plaintiff may recover attorney fees in a social security disability case.  First, under the EAJA, a plaintiff may recover attorney fees which, if

awarded, are paid by the government. *See* 28 U.S.C. § 2412. Second, as part of the judgment rendered in favor of a plaintiff, a court may award a reasonable fee for an attorney's representation in court which, if awarded, are to be paid out of a plaintiff's past-due benefits, not as an addition to the amount of past due-due benefits. *See* 42 U.S.C. § 406(b). The fee awarded pursuant to 42 U.S.C. § 406(b) may not be in excess of 25 percent of the total past-due benefits. *Id.* Further, a plaintiff's counsel may not receive fees under both statutes for the same work. *Bowman v. Colvin*, 2014 WL 1304914, * 2 (N.D. Ohio Mar. 27, 2014). Thus, if a court awards both EAJA fees and fees under 42 U.S.C. § 406(b), the plaintiff's attorney is required to refund the smaller amount to the plaintiff. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

**B. Reasonableness of attorney fees under 42 U.S.C. § 406(b)**

In *Gilsbrecht*, the Supreme Court recognized the "prevalence of contingent-fee agreements between attorneys and Social Security claimants." *Id.* at 805. In doing so, the Supreme Court held that " §406(b) does not displace contingent-fee agreements within the statutory [25 percent] ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-809. The Supreme Court observed that, in enacting § 406(b), Congress set one boundary line, namely, "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.*at 807. However, "[w]ithin the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Sixth Circuit "precedent accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)(en

2

banc)). Courts shall make deductions for large fees in only two circumstances: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall *because of either an inordinately large benefit award or from minimal effort expended.*" *Hayes*, 923 F.2d at 420-421 (discussing *Rodriquez*, 865 F.2d at 746) (emphasis in original). If the foregoing reasons are not applicable, "an agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable." *Id.* at 421. Additionally, in *Hayes*, the Sixth Circuit held that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422.

### C. Plaintiff's request for attorney fee award under 42 U.S.C. § 406(b)

Plaintiff was awarded past due social security benefits in the amount of $87,618.00. Doc. 27-2. Plaintiff signed a Social Security Fee and Expense Agreement wherein he agreed to pay his attorney 25% of all past-due benefits awarded, reduced by any fees paid for services in the agency proceedings, if the Social Security Administration favorably decided his claim after a decision by a Federal Court. Doc. 27-1. The Social Security Administration withheld $21,904.00 from Plaintiff's past-due benefits, representing 25% of those past-due benefits. Doc. 27-2, p. 2. The Social Security Administration previously authorized payment of attorney fees under 42 U.S.C. § 406(a) in the amount of $10,000.00 from the withheld funds for attorney services rendered at the administrative level. Doc. 27, p. 2. Plaintiff requests that the Court award payment of attorney fees to his attorney from his past-due benefits in the remaining

amount of $11,904.50. Doc. 27. Plaintiff's counsel submitted an affidavit documenting a total of 32 hours expended in connection with the federal court litigation. Doc. 27-3.

The Commissioner does not oppose Plaintiff's request. Further, based on 32 hours of work, payment of $11,904.50 would result in an hourly rate of $372.02, which is less than twice the amount of the hourly rate of $300.00 normally charged by Plaintiff's counsel. Doc. 27, p. 2, Doc. 27-3. Thus, it cannot be said that counsel will enjoy a windfall. *See Hayes*, 923 F.3d at 422. Moreover, the amount of fee requested does not exceed the 25% cap set forth in § 406(b) and, even if the Court aggregated the amount awarded by the agency with the amount of fees requested herein, the total amount would not exceed the 25% cap set forth in § 406(b) nor would it exceed the 25% contingent fee amount agreed to by Plaintiff.

## II.  Conclusion

For the reasons set forth herein, the Court hereby **GRANTS** Plaintiff's Motion (Doc. 27) and awards attorney fees in the amount of $11,904.50 under 42 U.S.C. § 406(b) provided that Plaintiff's counsel refunds to Plaintiff $5,825.00 in attorney fees that this Court previously awarded under the EAJA (Doc. 26).

Dated:  May 2, 2016

Kathleen B. Burke
United States Magistrate Judge